# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY MARTONO-CHAI, indiv.<br>Plaintiff,<br>v.<br>EMPOWER CONSULTING GROUP LLC, a Florida-based Limited Liability Company; ONYX ECOM, LLC, a Wyoming-based Limited Liability Company; LIMITLESS PROFITS LLC, a Utah-based Limited Liability Company; BLAKE EVERTSEN, indiv.; EYAD ABBAS, indiv.; KEVIN VIEIRA, indiv.; JASON REY RODRIGUEZ, indiv.; & ANDREW GIORGI, indiv. | Defendants.<br><br>Case No.: **25-00662**<br><br>Section: **SECT.H MAG.5**<br><br>District Judge:<br><br>Magistrate Judge: |

## PLAINTIFF'S RICO CASE STATEMENT

### 1. Sections Allegedly Violated
Plaintiff alleges violations of:

- *18 U.S.C. § 1962(a)*: Investment of racketeering income
- *18 U.S.C. § 1962(b)*: Acquisition or maintenance of control through racketeering
- *18 U.S.C. § 1962(c)*: Conducting an enterprise's affairs through a pattern of racketeering activity
- *18 U.S.C. § 1962(d)*: Conspiracy to commit racketeering

### 2. Defendants and Their Misconduct
The following defendants engaged in conduct forming the basis of this RICO action:

- KEVIN VIEIRA, EYAD ABBAS, BLAKE EVERTSEN, JASON REY RODRIGUEZ, ANDREW GIORGI
- ONYX ECOM, LLC, EMPOWER CONSULTING GROUP LLC, LIMITLESS PROFITS LLC

Each defendant knowingly participated in a scheme to defraud Plaintiff and others through the use of fraudulent service contracts, false statements, deceptive marketing practices, and misappropriation of confidential materials. Their conduct included coordinated activities across state lines, use of shell companies, and intentional failure to deliver services despite receiving payments.

### 3. Other Alleged Wrongdoers

Additional individuals and entities not currently named may have supported or furthered the enterprise's objectives through administrative, technical, or financial roles. Their identities will be confirmed through discovery.

### 4. Alleged Victims

- Plaintiff Randy Martono-Chai
- Jo Anna Browning & Homage Legacy Investments LLC
- Richard Reed (victim of Limitless Profits LLC in a separate action)
- Katy Ferguson (victim of fraud and civil theft in lawsuit involving Kevin Vieira and Onyx entities)
- Other unnamed consumers misled through Empower Consulting, Limitless Profits, and affiliated brands

Each victim was financially harmed by the fraudulent misrepresentations, breach of trust, and non-delivery of promised services.

### 5. Pattern of Racketeering Activity

#### a. Predicate Acts and Violated Statutes:

- *18 U.S.C. § 1343*: Wire Fraud
- *18 U.S.C. § 2314*: Interstate Transportation of Stolen Property
- *18 U.S.C. § 1028A*: Aggravated Identity Theft
- *18 U.S.C. § 1952*: Interstate Travel in Aid of Racketeering
- *Fla. Stat. § 812.014*: Civil Theft

#### b. Dates and Participants:

- **Spring 2022:**
  - Plaintiff was introduced to Defendants Empower Consulting Group LLC, Onyx Ecom, LLC, and Limitless Profits LLC, through Blake Evertsen (COO of Empower Consulting Group LLC) and Eyad Abbas (CEO of Empower Consulting Group LLC).
  - Defendants presented business opportunities involving Amazon store management and credit-building services. Defendant Blake Evertsen falsely assured Plaintiff that opening new credit lines would not negatively affect his credit standing. Relying on these representations, Plaintiff entered into contractual agreements with the respective entities.
  - Defendants also promoted a passive-income model requiring minimal involvement from Plaintiff. This characterization later proved to be materially false.

- **March 14, 2022:**
  - Plaintiff entered into a contract with Defendant Empower Consulting Group LLC for credit consultation and loan application assistance. On the same date, Plaintiff contracted with Defendant Onyx Ecom LLC to manage an Amazon store and build a profitable e-commerce business.

- **May 2022:**
  - Defendants misrepresented the legality and expected performance of their services. They failed to disclose the risks, including potential violations of Amazon's Seller Policies and Drop Shipping guidelines.
  - Defendants directed Plaintiff to provide sensitive financial information, including credit card numbers and login credentials, to offshore contractors, raising serious data privacy and international compliance concerns.

- **Summer-Fall 2023:**
  - Plaintiff became increasingly concerned due to Defendants' deteriorating communication and nonperformance. Plaintiff's Amazon store was permanently suspended for violating Amazon's policies, a direct consequence of Defendants' mismanagement.
  - Despite numerous outreach attempts, Defendants failed to reinstate the account or offer restitution. During this time, Defendant Kevin Vieira enrolled Plaintiff in a purported credit repair program, which was soon abandoned without explanation.

- **January 2024:**
  - Defendants failed to maintain Plaintiff's Facebook Marketplace shop, causing a further breakdown in operations. Upon learning that the program was unprofitable and unstable, Plaintiff was persuaded to pursue a TikTok Shop alternative. However, this secondary business opportunity was also never implemented.

- **March 2024:**
  - Defendants' employees, primarily offshore personnel, ceased all business activity without prior notice. Plaintiff was left without access to operational accounts, service delivery, or any means of recouping losses.

- **April 2024:**
  - Plaintiff's Facebook shop was deactivated by Meta due to noncompliance and mismanagement. Plaintiff issued multiple demands for refund and resolution, which were ignored.

- **Ongoing (as of 2025):**
  - Though the underlying fraudulent acts ceased, Plaintiff continues to suffer severe financial consequences, including unreturned investments, impaired credit, and legal costs.
  - Plaintiff has initiated litigation in Florida and Utah against the Defendants and references other victims similarly harmed through the same enterprise.

**c. Fraud Particulars:**

- Use of an investor pitch, fake ROI claims, and shell business agreements to induce payment.
- Promises of 30-day refunds that were never honored.
- Coordination between separate entities to obscure responsibility.
- Similar patterns of misconduct were reported in the following cases:
  - *Richard Reed v. Limitless Profits LLC* (BBB Complaint, April 2023)
  - *Jo Anna Browning and Homage Legacy Investments LLC v. Empower Consulting Group LLC and Eyad Abbas* (Orange County, FL Circuit Court, Case No. *2025-CA-000676-O*)
  - *Katy Ferguson v. Onyx Funding LLC, Onyx Ecom LLC, and Kevin Vieira* (Orange County, FL Circuit Court, Case No. *2024-CA-010258-O*)

**d. Common Scheme:** Defendants used a common script and sales pipeline to induce payments, share information, and collectively benefit from their schemes.

**6. The Enterprise**
**a. Individuals and Entities Involved:**

- ONYX ECOM LLC, EMPOWER CONSULTING GROUP LLC, LIMITLESS PROFITS LLC, and their officers

**b. Structure and Conduct:**

- Operated as a loose association-in-fact enterprise with shared employees, sales channels, identical refund policies, and shared client data
- Central goal: extract money under fraudulent service agreements

**c. Roles of Defendants:**

- Officers and managers of each company directly participated in operational decisions and client communications

**d. Association and Separation:**

- Defendants associated with each other and the enterprise to conduct its affairs; the persons are separate from the enterprise

**e. Defendant Status:**

- Defendants are both members of and actors on behalf of the enterprise; they are perpetrators, not victims

### 7. Pattern and Enterprise Relationship

The enterprise is separate from the racketeering pattern, but the pattern furthered the enterprise's goals. The acts were not part of routine business; they were instrumental to the fraud scheme.

### 8. Racketeering vs. Business Activity

Racketeering activities were the primary engine of the enterprise, not incidental or collateral. The usual course of business was entirely fraudulent.

### 9. Enterprise Benefits

Defendants retained hundreds of thousands of dollars in misappropriated client funds, access to proprietary technologies, and created multiple opportunities for cross-selling new fraudulent ventures.

### 10. Impact on Commerce

The enterprise engaged in interstate commerce through:

- Email, web contracts, and payment platforms
- National advertising and client acquisition
- Use of third-party contractors and developers outside Louisiana

### 11–14. Specific Violations by Section

*Section 1962(a)*:

- Defendant companies reinvested fraudulently obtained proceeds into further fraudulent activity, creating a self-sustaining pattern

*Section 1962(b)*:

- Defendants acquired control over Plaintiff's project and development environment to maintain control over income streams

*Section 1962(c)*:

- Defendants, through their businesses, conducted the enterprise's affairs via fraud and theft

*Section 1962(d)*:
- Each defendant conspired to further the enterprise through explicit coordination and mutual benefit

## 15. Injury to Business or Property

Plaintiff has suffered substantial injury to his business and property as a direct result of Defendants' coordinated racketeering scheme and unlawful acts in furtherance of an enterprise, including:

- **Loss of Business Operations:** Disruption and permanent loss of commercial infrastructure, including the permanent suspension of Plaintiff's Amazon store and deactivation of his Facebook shop, which had been established and funded in reliance on Defendants' misrepresentations. These failures directly resulted in lost income, terminated sales pipelines, and foregone business opportunities.
- **Reputational Harm:** Severe reputational injury within the e-commerce and digital automation industries, which impaired Plaintiff's ability to contract, raise capital, and re-enter similar markets. The harm was exacerbated by Defendants' mismanagement, abandonment of duties, and persistent refusal to acknowledge wrongdoing.
- **Business Disruptions:** Plaintiff was forced to withdraw from multiple commercial endeavors and suspend other digital operations due to the instability, nonperformance, and systemic misconduct of Defendants. These disruptions delayed business development, prevented reinvestment, and undermined Plaintiff's long-term strategic objectives.
- **Increased Financial Exposure:** Plaintiff's business and personal credit profiles were severely impacted due to the fraudulent acquisition and misuse of credit instruments under Defendants' guidance. This over-leveraging led to diminished access to capital markets, loss of financial credibility, and inability to obtain new financing necessary to rebuild Plaintiff's operations.

## 16. Relationship Between Injury and RICO Violations

Plaintiff's injuries stem directly from the pattern of fraudulent acts, nonperformance, and unauthorized use of protected materials. But for the racketeering activity, Plaintiff would not have suffered these harms.

**17. Damages**

- **Direct Payments:**
    - $19,000 (Empower Consulting Group LLC, Eyad Abbas, Blake Evertsen – FL Case)
    - $25,000 (Onyx Ecom LLC, Kevin Vieira – FL Case)
    - $21,250 (Limitless Profits LLC, Jason Rey Rodriguez – UT Case)
- **Fraud-Induced Credit Exposure**: As a result of Defendants' fraudulent inducement, Plaintiff was encouraged to open multiple credit accounts under the belief that they would be used for safe, profitable business investments managed by Defendants. These efforts led to the approval of over $200,000 in available credit across various accounts. However, Plaintiff did not use the full amount. Instead, much of the credit was later revoked or closed by issuing banks due to inactivity, unusual activity patterns, or other risk factors triggered by the Defendants' mismanagement. The loss of this credit access and high-interest charges on the utilized balances have left Plaintiff in a severely damaged financial position.
- **Current Debt Burden**: Plaintiff is presently carrying over $100,000 in outstanding debt, a direct consequence of Defendants' failure to perform under their contracts and fraudulent inducement into unsustainable business arrangements. This debt remains unpaid and continues to accrue interest, while much of the remaining credit capacity has been lost due to involuntary account closures and lender-initiated credit reductions.
- **Loss of Business Value**: Plaintiff is also seeking compensation for the collapse of his business ventures and the loss of expected income, which is directly attributable to the fraudulent activities and mismanagement by Defendants.
- **Interest**: Plaintiff demands interest at the rate of 22.99% per annum, starting from April 2023, on the total sums owed, in accordance with the applicable contractual terms.

**18. Other Federal Causes of Action**

In addition to the civil RICO claims, Plaintiff asserts the following federal claims that arise from the pattern of racketeering activity:

- *18 U.S.C. § 1343* – Wire Fraud
- *18 U.S.C. § 2314* – Interstate Transportation of Stolen Property
- *18 U.S.C. § 1028A* – Aggravated Identity Theft
- *18 U.S.C. § 1952* – Interstate Travel in Aid of Racketeering

Each of these statutory violations forms the predicate acts supporting the RICO enterprise described in this case.

**19. State Law Claims**

- Civil Theft (*Fla. Stat. § 772.11*)
- Breach of Contract
- Fraudulent Inducement
- Negligent Misrepresentation
- Gross Negligence

**20. Additional Information**

This action arises from a calculated and deliberate pattern of fraud involving interstate actors, shell companies, stolen funds, misrepresentation of financial services, and systemic targeting of financially vulnerable consumers. Plaintiff seeks equitable, declaratory, and monetary relief under civil RICO and related federal and state statutes.

---

**Verification**

I, Randy Martono-Chai, declare under penalty of perjury under the laws of the United States of America that the factual allegations set forth in this RICO Case Statement are true and correct to the best of my knowledge, information, and belief, formed after reasonable inquiry.

Respectfully submitted this _____ day of _____, 2025.

x_____

**Randy Martono-Chai**
P.O. Box 58074
New Orleans, LA 70158
randy.martono-chai@hotmail.com
(909) 266-6937
**Plaintiff**