**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RANDY MARTONO-CHAI                                                      CIVIL ACTION

VERSUS                                                                            NUMBER: 25-662

EMPOWER CONSULTING GROUP, L.L.C., ET AL.            SECTION: "H" (5)

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for leave to Serve Late Responses to Defendants' Requests for Admission and to Withdraw Matters Deemed Admitted Under Fed. R. Civ. P. 36(b).  (Rec. doc. 25).  Defendants oppose the motion.  (Rec. doc. 29).  Having reviewed the pleadings and the case law, the Court rules as follows.

### I.    Factual Background

On April 5, 2025, Plaintiff filed this lawsuit against various Defendants alleging claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), wire fraud, interstate transportation of stolen property, identification theft, travel in aid of racketeering, the Computer Fraud and Abuse Act, the Defend Trade Secrets Act, and the Lanham Act.  Plaintiff seeks recovery of over $65,000.00 in direct payments made to Defendants, plus more than $100,000.00 in outstanding debt resulting from Defendants' fraud and contract breaches.  Plaintiff also seeks treble damages and other relief available under the federal RICO statute.

On November 13, 2025, Defendants propounded on Plaintiff discovery requests with requests for admission, interrogatories, and requests for production of documents. Plaintiff admits that he failed to timely respond to the requests for admission within the time contemplated by Federal Rule of Civil procedure 36(a)(3) – *i.e.*, 30 days.  (Rec. doc. 25 at 1).  Plaintiff admits that the requests for admission are thus deemed admitted by

operation of law. (*Id.*). Plaintiff now seeks to withdraw the admitted requests for admission and serve late responses. (*Id.*).

## II.    Law and Analysis

Federal Rule of Civil Procedure 36(a)states in pertinent part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request . . .

The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . .

Fed. R. Civ. P. 36(a). Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact. *See, e.g., In re Carney*, 258 F.3d 415, 418-19 (5th Cir. 2001); *Stubbs v. Comm'r Internal Rev.*, 797 F.2d 936, 938 (11th Cir. 1986); *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979); *c.f. Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law."); *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989) (suggesting that Rule 36 should not be employed to establish facts that are obviously in dispute). Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters. WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2254 (1994). For Rule 36 to be effective in this regard, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge. *Am. Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir. 1991). Thus, Rule 36(b) provides that "[a]ny

2

matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

The Fifth Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b). *Am. Auto.*, 930 F.2d at 1120. In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: (1) would serve the presentation of the case on its merits, but (2) would not prejudice the party that obtained the admissions in its presentation of the case. *Id.* at 1119 (citations omitted); Fed. R. Civ. P. 36(b). Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission. *United States v. Kasuboski*, 834 F.2d 1345, 1350 n.7 (7th Cir. 1987) ("[R]ule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal."); *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Because the language of [Rule 36(b)] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule.").

Under present circumstances, this Court has no problem finding that the withdrawal of the deemed admissions will serve the presentation of the case on the merits. Refusing to permit Plaintiff to withdraw the admissions would all but eliminate the presentation of the merits of this case. *Am. Animal Health Inc. v. Huvepharma Inc.*, No. 3:22-CV-02605-M, 2023 WL 6538089, at *2 (N.D. Tex. Aug. 23, 2023).

The Court finds that the second factor also weighs in favor of withdrawal. The Fifth Circuit has recognized that courts have usually found that the prejudice contemplated by Rule 36(b) "'relates to special difficulties a party may face caused by a sudden need to

3

obtain evidence upon withdrawal or amendment of an admission.'" *Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (quoting *Am. Auto. Ass'n*, 930 F.2d at 1120). Given that Defendants rely solely on their argument that the withdrawal of Plaintiff's deemed admissions will defeat a motion for summary judgment that they intend to file at some point in the future, the Court finds that granting Plaintiff's motion will require only that Defendants will likely need to obtain evidence in support of their case – as any typical defendant is required to do.

The circumstances and timing of the case suggest that the prejudice to Defendants resulting specifically from withdrawal of the deemed admissions is minimal. *Pro se* Plaintiff acted diligently in seeking to withdraw the deemed admissions two weeks after he learned that the requests were deemed admitted. Moreover, there is no Scheduling Order in this lawsuit yet, and no deadlines will be compromised by allowing withdrawal. As noted, even though Defendants' requests for admission were deemed admitted, Defendants have not yet filed their motion for summary judgment, so there is no imminent ruling from the District Court on any such motion. Defendants also rely on the argument that Plaintiff now seeks to amend his Complaint, but that motion to amend was never before this Court and the District Court has already granted it. (Rec. doc. 27). That argument is thus moot. Under these circumstances, the Court finds no substantial prejudice to Defendants in allowing withdrawal of the deemed admissions.

However, one caveat: Plaintiff shall redraft his proposed responses to the requests for admissions (rec. doc. 25-2) **with no objections no later than 14 days from the date of this Order**. All objections have been waived as Plaintiff failed to respond

4

timely to the requests.  Plaintiff's only recourse now is to admit, to deny, or to state that he can neither admit or deny the requests for admission and explain the reason for which he cannot do so.

### III.     Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for leave to Serve Late Responses to Defendants' Requests for Admission and to Withdraw Matters Deemed Admitted Under Fed. R. Civ. P. 36(b) (rec. doc. 25) is **GRANTED**.

New Orleans, Louisiana, this 26th day of March, 2026.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE